GOVERNMENT
EXHIBIT
1

Filing # 199585494 E-Filed 05/31/2024 12:38:23 PM

IN THE CIRCUIT COURT FOR THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. CACE 23-014775

US CONTADOR, INC., and MICHAEL
NATARUS,

      Plaintiffs,

vs.

CONTADORMIAMI.COM, INC., TAXLEAF.COM, INC.,
JACOB NAE, MOSES NAE and UNITED STATES
SMALL BUSINESS ADMINISTRATION,

      Defendants.

_____/

*6/6/24   TIME 9:50AM*
*INITIALS: JG   ID# 1172*
*JSL 6/6/24*

On Amended   **SUMMONS**
**ORDEN DE COMPARECENCIA**
**CITATION**

**TO/PARA/A:**

    **UNITED STATES SMALL BUSINESS ADMINISTRATION**
      **c/o U.S. ATTORNEY OR ANY ASSISTANT U.S. ATTORNEY,**
      **AUTHORIZED TO ACCEPT SERVICE OF PROCESS**
      **Office of the United States Attorney, Southern District of Florida**
      **99 NE 4th Street, Miami, Florida 33132**

### IMPORTANT

    A lawsuit has been filed against you. You have **60 calendar days** after this summons is served on you to file a written response to the attached complaint/petition with the Clerk of this Circuit Court, located at: Broward County Courthouse, Central Courthouse, 201 SE 6th Street, Fort Lauderdale, FL 33301.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

    **If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at:

**Name and address of party serving summons:**

| | |
|---|---|
| **David Ferguson, Esq.** | **Michael Compagno, Esq.** |
| **Kopelowitz Ostrow et al.** | **Michael Compagno, P.A.** |
| **One West Las Olas Blvd, Ste 500** | **600 Northlake Blvd.** |
| **Ft. Lauderdale, Florida 33301** | **North Palm Beach, Florida 33408** |
| **Telephone: (954) 525-4100** | **Telephone: (561) 602-9009** |

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request.**

**You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (60) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: Broward County Courthouse, Central Courthouse, 201 SE 6th Street, Fort Lauderdale, FL 33301. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:

2

**Nombre y direccion de la parte que entrega la orden de comparencencia:**

David Ferguson, Esq.                    Michael Compagno, Esq.
Kopelowitz Ostrow et al.                Michael Compagno, P.A.
One West Las Olas Blvd, Ste 500         600 Northlake Blvd.
Ft. Lauderdale, Florida 33301           North Palm Beach, Florida 33408
Telephone: (954) 525-4100               Telephone: (561) 602-9009

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud.**

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 60 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: Broward County Courthouse, Central Courthouse, 201 SE 6th Street, Fort Lauderdale, FL 33301. Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.

Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.

**Nom et adresse de la partie qui depose cette citation:**

David Ferguson, Esq.                    Michael Compagno, Esq.
Kopelowitz Ostrow et al.                Michael Compagno, P.A.
One West Las Olas Blvd, Ste 500         600 Northlake Blvd.
Ft. Lauderdale, Florida 33301           North Palm Beach, Florida 33408
Telephone: (954) 525-4100               Telephone: (561) 602-9009

**Les photocopies de tous les documents tribunals de cette cause, y compris**

3

**des arrets, sont disponible au bureau du greffier.   Vous pouvez revue ces documents, sur demande.**

**THE STATE OF FLORIDA**

        **TO EACH SHERIFF OF THE STATE**:   You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

**DATED:** _____ MAY 31 2024 _____      **CLERK OF THE CIRCUIT COURT**

**(SEAL)**         By: _____
                 **Deputy Clerk**

                      **BRENDA D. FORMAN**

4

Filing # 199189586 E-Filed 05/24/2024 04:12:12 PM

IN THE CIRCUIT COURT FOR THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. CACE 23-014775

US CONTADOR, INC. and MICHAEL
NATARUS,

      Plaintiffs,

vs.

CONTADORMIAMI.COM, INC., TAXLEAF.COM, INC.,
JACOB NAE, MOSES NAE and UNITED STATES
SMALL BUSINESS ADMINISTRATION,

      Defendants.

_____/

### AMENDED COMPLAINT

Plaintiffs, US CONTADOR, INC., and MICHAEL NATARUS, by and through undersigned counsel, sues Defendants, CONTADORMIAMI.COM, INC., TAXLEAF.COM, INC., JACOB NAE, MOSES NAE, and UNITED STATES SMALL BUSINESS ADMINISTRATION, and allege the following:

### NATURE OF ACTION

1.    This action seeks, among other things, the enforcement of a Confidential Settlement Agreement (the "Agreement") entered by the parties as part of the resolution of litigation commenced in 2020 in the Circuit Court in and for Broward County, Florida. In addition, damages and injunctive relief is also sought for claims based on the Defendants' illegal and unauthorized use of Michael Natarus' personal information, without his knowledge or approval, to obtain loans for their own financial gain. Finally, Defendant, United States Small Business Administration is being added as Plaintiffs seek

1

the rescission and/or reformation of fraudulently obtained loans, which Defendants' obtained from the United States Small Business Administration using the personal and confidential information of Mr. Natarus, without his knowledge or approval.

### PARTIES, JURISDICTION & VENUE

1.      Plaintiff, US CONTADOR, INC. ("US Contador"), at all relevant times, is a corporation organized under the laws of the State of Florida, with its principal place of business in Palm Beach County, Florida.

2.      Plaintiff, MICHAEL NATARUS ("Mr. Natarus") is an individual residing in Palm Beach County, Florida and is otherwise *sui juris.*

3.      Defendant, CONTADORMIAMI.COM, INC. ("Contadormiami"), at all relevant times, is a corporation organized under the laws of the State of Florida, with its principal place of business in Miami-Dade County, Florida.

4.      Defendant, TAXLEAF.COM, INC. ("Taxleaf"), at all relevant times, is a corporation organized under the laws of the State of Florida, with its principal place of business in Miami-Dade County, Florida.

5.      Defendant, JACOB NAE, is an individual living in Miami-Dade County, Florida, and who is otherwise *sui juris.*

6.      Defendant, MOSES NAE, is an individual living in Miami-Dade County, Florida, and who is otherwise *sui juris.*

7.      Defendant, UNITED STATES SMALL BUSINESS ADMINISTRATION (the "SBA"), is a federal agency doing business throughout the United States and the State of Florida.

2

8.     The amount in controversy exceeds the sum of $50,000, excluding interest, costs and attorney's fees which is within the jurisdiction of this Court in accordance with Florida Statutes, Sections 26.012 and 34.01.

9.     Venue is proper in Broward County, Florida as the Agreement that is the subject of this action contains a venue provision requiring any dispute, controversy or claim arising out of related to the Agreement lies exclusively in a court of competent jurisdiction in Broward County, Florida.

**GENERAL ALLEGATIONS**

10.     In late 2013, Plaintiff, Mr. Natarus, and his longtime friend, Defendant, Moses Nae, identified a niche business in the accounting field.  It was observed by the gentlemen that individuals from South American were frequently creating companies and buying South Florida real estate in the name of their companies.

11.     Mr. Natarus and Moses Nae saw an opportunity to advertise to prospective clients in South America at a lower cost than advertising in the United States to assist foreign citizens with both incorporating new entities and filing their annual tax returns with the Internal Revenue Service. Moses Nae and Mr. Natarus decided to establish Defendant, Contadormiami, in November of 2013 to provide these services.

12.     Mr. Natarus, Moses Nae, and Moses Nae's brother, Defendant, Jacob Nae, formed Contadormiami, with the three men having the divided ownership interest in the new entity.

13.     Also in late 2013, Mr. Natarus and Moses Nae further developed their ideas and agreed to form another entity.  This company would do accounting work for United

3

States citizens and residents and their companies, as well as assist them with their company books, payroll, and annual tax filings.

14.    Mr. Natarus, Moses Nae, and Jacob Nae formed Defendant, Taxleaf, to provide these services, with the three men having divided ownership interest in the new entity.

15.    The many years of being partners in the operation and ownership of the two companies and based on the documents that had to be completed as part of the business operations, Moses Nae and Jacob Nae, had access to and came to learn the personal information of Mr. Natarus, including and not limited to, his social security number, his date of birth, and current address.

### The Lawsuits Giving Rise to the Agreement

16.    On June 26, 2020, Moses Nae and Jacob Nae decided to utilize their combined majority ownership interest (as a unified block) to lock Mr. Natarus out of an officer and ownership positions in Contadormiami.

17.    The lockout ended Mr. Natarus from having any participation or having any say in the operation of the business, that he helped form and in which he had an ownership interest.

18.    With their removal of Mr. Natarus, Moses Nae and Jacob Nae then began to operate Contadormiami as if they had exclusive ownership and control over the entity, and as if Mr. Natarus had no ownership or shareholder rights.  Salary and/or distributions to Mr. Natarus ceased.

4

19.     Likewise, on June 26, 2020, Moses Nae and Jacob Nae utilized their combined majority ownership interest (as a unified block) to lock Mr. Natarus out of officer and ownership positions in Defendant, Taxleaf.

20.     The lockout ended Mr. Natarus from having any participation or having any say in the operation of the business he helped form and in which he had an ownership interest.

21.     With their removal of Mr. Natarus, Moses Nae and Jacob Nae began to operate Taxleaf as if they had exclusive ownership and control over the entity, and as if Mr. Natarus had no ownership or shareholder rights.  Salary and/or distributions to Mr. Natarus ceased.

22.     As a result, Mr. Natarus formed his own company, Plaintiff, US Contador, providing many of same services as did the Defendants, Contadormiami and Taxleaf. Because Mr. Natarus had been illegally expelled by the Defendants, the companies were now being operated only by Moses Nae and Jacob Nae, and several employees left Contadormiami and Taxleaf to work for US Contador, to avoid abusive work conditions.

### The Lawsuits and The Agreement

23.     The foregoing resulted in two lawsuits being filed.  First, on October 5, 2020, Mr. Natarus filed a lawsuit in the Circuit Court in and for Miami-Dade County, Case No. 2020-0211406-CA-01, against Contadormiami and Taxleaf, seeking their judicial dissolution (the "Miami-Dade Lawsuit").

24.     Second, on December 30, 2020, Contadormiami filed a lawsuit in the Circuit Court in and for Broward County, Case No. CACE-20-021988, against US Contador and several former employees of Contadormiami, falsely alleging tortious interference with

5

contractual relationships, as well as misappropriation of trade secrets and other claims (the "Broward Lawsuit").

25.    On November 11, 2022, the parties entered into the Agreement to resolve both the Miami-Dade and Broward lawsuits and put into writing terms which would effectively finalize a "divorce" between Plaintiffs and Defendants, which also required Mr. Natarus' transfer his stock interest in Contadormiami and Taxleaf to Defendants, Moses Nae and Jacob Nae.

26.    As a result of the Agreement and the transfer of stock, Mr. Natarus no longer had any ownership interest in either Contadormiami or Taxleaf.

27.    While attaching the Agreement to this Complaint is prohibited, and the same is true as to the wholesale quoting of the language of same, this lawsuit involves, among other things, an indemnity provision in the Agreement.

28.    In Paragraph 13 of the Agreement, Defendants, Contadormiami, Taxleaf, Moses Nae and Jacob Nae, agreed to indemnify and hold Mr. Natarus and US Contador harmless from any claims and losses brought against Mr. Natarus and US Contador, arising out of the operation of Contadormiami and Taxleaf, whether known or unknown.

29.    The Agreement also provides for the award of attorneys' fees in connection with enforcement of the Agreement.

### The SBA Loans Come to Light

30.    At the end of April 2023, Mr. Natarus was contacted by representatives of the Small Business Administration ("SBA"), who indicated Mr. Natarus had obtained loans on behalf of Contadormiami and Taxleaf, and that these loans were in default.  Surprised as he had no knowledge of and never sought, let alone obtained such loans, the SBA

6

informed Mr. Natarus' that his name, Social Security Number, birthdate (and other personal information) had been used to obtain the loans in question.

31.    This is the first time Mr. Natarus was aware of being associated with any such loans, which loans he played no role in seeking or obtaining and which he did not give anyone authority to seek, let alone use his personal information to obtain.

### The Contadormiami Loan

32.    Based on the information obtained from the SBA, it became apparent to Mr. Natarus that shortly before the June 26, 2020, event in which Moses Nae and Jacob Nae utilized their combined majority ownership interest (as a unified block) to lock Mr. Natarus out of officer positions in Contadormiami, that Mr. Natarus' name, Social Security Number, date of birth and other personal information was used without Mr. Natarus' knowledge or permission to obtain a SBA loan, Loan Number 98333707804, for Contadormiami (the "Contadormiami Loan").

33.    As further spite against Mr. Natarus, Moses Nae and Jacob Nae fraudulently, intentionally, willfully, and maliciously (and without the knowledge and approval of Mr. Natarus) used the personal information of their business partner, Mr. Natarus, to apply for and obtain the Contadormiami Loan.  In doing so, they used the identity of Mr. Natarus and applied for the Contadormiami Loan, leaving the SBA to believe that Mr. Natarus had applied for the Contadormiami Loan.

34.    The effective date of the Contadormiami Loan is June 9, 2020, shortly before Moses Nae and Jacob Nae locked Mr. Natarus out of the company.

35.    The Contadormiami Loan was in the amount of $127,000.00 and its current payoff is $140,611.15.  The SBA classifies the Contadormiami Loan as a "Disaster

7

COVID-19 Economic Injury" type loan, and the Contadormiami Loan was approved by the SBA, with the loan funds having been provided to Contadormiami shortly before the June 26, 2020, "lockout" of Mr. Natarus.

36.     Thereafter, the Contadormiami Loan was used by Moses Nae and Jacob Nae to pay American Express credit card bills.  Based on Mr. Natarus' knowledge of the "business practices" of Moses Nae and Jacob Nae, the American Express bills, upon information and belief, most likely represented personal charges of Moses Nae and Jacob Nae.

37.     The Contadormiami Loan had been in default since December 26, 2022, and the SBA contacted Mr. Natarus and demanded Mr. Natarus repay the Contadormiami Loan.  It was not until after the original filing of this lawsuit that many months later Moses Nae and/or Jacob Nae took any action to try and get the Contadormiami Loan out of default and brought current.

38.     Further, Moses Nae and Jacob Nae never informed (and intentionally, willfully, and fraudulently refused to tell) the Plaintiffs of the existence of the Contadormiami Loan in connection with the parties' negotiation and execution of the Agreement.

39.     And while the Agreement resulted in Mr. Natarus turning over his ownership interest in Contadormiami to Moses Nae and Jacob Nae, these Defendants knew the existence of the Contadormiami Loan, which was tied to Mr. Natarus by their fraudulent actions in their obtaining the Contadormiami Loan.

**The Taxleaf Loan**

40.     Based on the information obtained from the SBA, shortly after the June 26, 2020, event in which Moses Nae and Jacob Nae utilized their combined majority ownership interest (as a unified block) to lock Mr. Natarus out of officer positions in Taxleaf, that Mr. Natarus' name, Social Security number, date of birth and other personal information was used to obtain an SBA loan, Loan Number 1409558100, for Taxleaf (the "Taxleaf Loan").

41.     As further spite against Mr. Natarus, Moses Nae and Jacob Nae fraudulently, intentionally, willfully, and maliciously (and without the knowledge and approval of Mr. Natarus) used the personal information of their then business partner, Mr. Natarus, to apply for and obtain the Taxleaf Loan.  In doing so, they used the identity of Mr. Natarus and applied for the Taxleaf Loan, leaving the SBA to believe that Mr. Natarus had applied for the Taxleaf Loan.

42.     The effective date of the Taxleaf Loan is July 9, 2020, shortly after Moses Nae and Jacob Nae locked Mr. Natarus out of the company.

43.     The Taxleaf Loan is in the amount was in the amount of $99,600.00 and its current payoff is $109,843.11.  The SBA classifies the Taxleaf Loan as a "Disaster COVID-19 Economic Injury" type loan, and the Taxleaf Loan was approved on or about July 9, 2020, with the loan funds having been provided to Taxleaf on or about July 20, 2020, shortly after the June 26, 2020, "lockout" of Mr. Natarus.

44.     Thereafter, approximately the $50,000.00 of the Taxleaf Loan was paid to Jose Nae, the father Moses Nae and Jacob Nae, with another approximately $40,000.00 sent to a personal bank account.

45.     The Taxleaf Loan had been in default since January 16, 2023, and the SBA contacted Mr. Natarus demanded that Mr. Natarus repay the Taxleaf Loan.  It was not until after the filing of this lawsuit that many months later Moses Nae and/or Jacob Nae took any action to try and get the Taxleaf Loan out of default and made current.

46.     Further, Moses Nae and Jacob Nae never informed (and fraudulently and intentionally refused to tell) the Plaintiffs of the existence of the Taxleaf Loan in connection with the parties' negotiation and execution of the Agreement.

47.     And while the Agreement resulted in Mr. Natarus turning over his ownership interest in Taxleaf to Moses Nae and Jacob Nae, these Defendants knew the existence of the Taxleaf Loan, which was tied to Mr. Natarus by their fraudulent actions in their obtaining the Taxleaf Loan, and knew that Natarus had no knowledge of and did not consent to the use of his name and personal information, including his Social Security Number, to obtain it.

### The Impact of the Fraud of Moses Nae and Jacob Nae

48.     Mr. Natarus and US Contador have received none of the funds which are represented by the Contadormiami Loan and the Taxleaf Loan.  Instead, the vast majority of the proceeds were apparently used by Moses Nae and Jacob Nae, not for business purposes, necessary to obtain SBA loans, but for their one personal uses.

49.     To be sure, Mr. Natarus did not take out or apply for either loan and only first learned about them when contacted by the SBA in April 2023 when they had been in default for some time.  Yet, these loans, which were in default, negatively impact the credit worthiness of Mr. Natarus, and will further do so if Moses Nae and Jacob Nae again allow the loans to go into default.  It also impacts the ability of the Plaintiffs to obtain their own

business and/or personal loans, since Mr. Natarus is burdened by him being (falsely) tied to the substantial Contadormiami Loan and Taxleaf Loan.  Burdened with substantial loans, adversely impacts the ability of Mr. Natarus to obtain credit or loans for his own business, US Contador, should the need arise. And given their past improper and spiteful actions, such intentional defaults over the next 26 years that the loans are existence are a distinct probability.

50.     There remains the distinct possibility that other loans were applied for and taken out by Moses Nae and Jacob Nae on behalf of Contadormiami or Taxleaf, or other entities associated with Moses Nae or Jacob Nae, using Mr. Natarus' personal information (or US Contador) without their knowledge, but the SBA would not disclose same to Plaintiffs, in the absence of a default in any such other loans.

51.     The failure to repay the Contadormiami Loan and the Taxleaf Loan seriously impacts the finances, financial reputation, and creditworthiness of the Plaintiffs.  It also impacts the ability of the Plaintiffs to obtain their own business and/or personal loans, since Mr. Natarus is burdened by him being (falsely) tied to the substantial Contadormiami Loan and Taxleaf Loan.  Burdened with substantial loans, adversely impacts the ability of Mr. Natarus to obtain credit or loans for his own business, US Contador, should the need arise.

52.     Because the Contadormiami Loan and Taxleaf Loan are 30-year loans, maturing in 2050, the negative impact to the Plaintiffs, potential damage, and potential liability will continue to exist for decades.

53.     The Plaintiffs have been damaged by the Defendants' actions.

54.     As a result of the foregoing, Mr. Natarus and US Contador have had to retain undersigned counsel and is required to pay them a reasonable fee.

55.     Any and all conditions precedent required prior to initiating this action have been performed, have occurred, or have been waived.

### COUNT I – CONTRACTUAL INDEMNITY
#### (Against All Defendants, Except SBA)

56.     Plaintiffs re-allege and re-assert their allegations set forth in Paragraphs 1 through 55 above, as though fully set forth herein.

57.     This is an action for contractual indemnity.

58.     On November 11, 2022, the Plaintiffs and the Defendants (except the SBA) entered into the Agreement, to resolve both the Miami-Dade Lawsuit and the Broward Lawsuit and put into writing terms which would effectively finalize a "divorce" between Plaintiffs and Defendants, including a transfer of Mr. Natarus' interest in Contadormiami and Taxleaf to Defendants.

59.     At no time during the negotiation or execution of the Agreement were the Plaintiffs ever made aware of the application for and obtaining of the Contadormiami Loan and the Taxleaf Loan by Moses Nae and Jacob Nae.

60.     In Paragraph 13 of the Agreement, Defendants, Contadormiami, Taxleaf, Moses Nae and Jacob Nae, agreed to indemnify and hold Mr. Natarus and US Contador harmless from any claims and losses brought against Mr. Natarus and US Contador, arising out of the operation of Contadormiami and Taxleaf, whether known or unknown.

61.     Since that time, claims have been raised by the SBA against Mr. Natarus arising out of the Contadormiami Loan and Taxleaf Loan.  Plaintiffs played no role in

applying for the loans, which were obtained by Moses Nae and Jacob Nae intentionally and maliciously using Plaintiff's personal information.

62.     Plaintiffs were unaware of the loans until recently, for companies in which they have no interest.  Further, Plaintiffs have received none of the proceeds of these 30-year SBA loans, which were paid to Defendants.

63.     Either shortly before (or after) the June 26, 2020, Mr. Natarus' name, Social Security number and other personal information was used to obtain a SBA loan, Loan Number 98333707804, for Contadormiami, *i.e.,* the Contadormiami Loan."   The Contadormiami Loan is in the amount was in the amount of $127,000 and its current payoff is $140,611.15.

64.     Shortly after the June 26, 2020, Mr. Natarus' name, Social Security Number and other personal information was used to obtain an SBA loan, Loan Number 1409558100, for Taxleaf, *i.e.,* the "Taxleaf Loan."  The Taxleaf Loan is in the amount was in the amount of $99,600 and its current payoff is $109,843.11.

65.     Both the Contadormiami Loan and the Taxleaf Loan had been in default and demand had been made by the SBA on Mr. Natarus for their repayment.  Plaintiffs have been damaged by the SBA loans, that were applied for and obtained (and defaulted upon) without their knowledge.

66.     The failure to repay the Contadormiami Loan and the Taxleaf Loan seriously impacts the finances, financial reputation and creditworthiness of the Plaintiffs.  It also impacts the ability of the Plaintiffs to obtain their own business and/or personal loans, since Mr. Natarus is burdened with him (falsely) be tied to the significant Contadormiami Loan and Taxleaf Loan.

67.     Both the Contadormiami Loan and the Taxleaf Loan are for 30 years, and the loans do not mature until the year 2050.

68.     Defendants are contractually required to indemnify and hold Plaintiffs harmless as to the Contadormiami Loan and the Taxleaf Loan, as well as any other loans which may have been taken out that involve or related to the Plaintiffs but are yet unknown.  This would include payment of fees and costs associated with this proceeding.

WHEREFORE, Plaintiffs demand judgment against Defendants to enforce the Agreement, requiring all acts necessary for Defendants to remove any association of Mr. Natarus with the loan, as well as requiring Defendants, jointly and severally, to indemnify Plaintiffs for all loses damages incurred by Plaintiffs by virtue of the Contadormiami Loan and the Taxleaf Loan, including attorneys' fees pursuant to the Agreement, costs, and such other relief which the Court deems just and proper.

**COUNT II – DECLARATORY JUDGMENT**
**(Against All Defendants, Except SBA)**

69.     Plaintiffs re-allege and re-assert their allegations set forth in Paragraphs 1 through 55 above, as though fully set forth herein.

70.     This is an action for declaratory judgment.

71.     There exists a bona fide, actual, present, and practical need for the declaration of the rights of the parties under the Agreement.

72.     On November 11, 2022, the Plaintiffs and the Defendants entered into the Agreement, to resolve both the Miami-Dade and Broward lawsuits and put into writing terms which would effectively finalize a "divorce" between Plaintiffs and Defendants, including a transfer of Mr. Natarus' ownership interest in Contadormiami and Taxleaf to Defendants.

14

73.     In Paragraph 13 of the Agreement, Defendants, Contadormiami, Taxleaf, Moses Nae and Jacob Nae, agreed to indemnify and hold Mr. Natarus and US Contador harmless from any claims and losses brought against Mr. Natarus and US Contador, arising out of the operation of Contadormiami and Taxleaf, whether known or unknown.

74.     Plaintiffs assert that Agreement requires Defendants to indemnify Plaintiffs and hold Plaintiffs harmless in connect with the Contadormiami Loan and the Taxleaf Loan, including undertaking all actions necessary to remove Plaintiffs from any responsibility for the loans, as well as the payment of fees and costs associated with this proceeding.

75.     Mr. Natarus' name, Social Security number and other personal information was used to obtain a SBA loan, Loan Number 98333707804, for Contadormiami, *i.e.,* the Contadormiami Loan." The Contadormiami Loan is in the amount was in the amount of $127,000.00 and its current payoff is approximately $140,611.15.

76.     Mr. Natarus' name, Social Security number and other personal information was also used to obtain an SBA loan, Loan Number 1409558100, for Taxleaf, *i.e.,* the "Taxleaf Loan." The Taxleaf Loan is in the amount was in the amount of $99,600 and its current payoff is approximately $109,843.11.

77.     Rather, around the time they improperly locked out Mr. Natarus from having any say in the companies in which he held an ownership interest and management position, Moses Nae and Jacob Nae, intentionally and maliciously obtained loans using Mr. Natarus' personal information.

78.     Plaintiffs played no role in, did not consent to, and were unaware of the existence of the Contadormiami Loan and the Taxleaf Loan until recently.   Plaintiffs

played no role in applying for the loans and engaged in no acts in connection with the SBA loans, let alone engage in any wrongful conduct or intentional conduct or grossly negligent acts in connection with the SBA loans.

79.    Mr. Natarus first became aware of the loans when the SBA contacted Mr. Natarus, demanding repayment of the loans, which had gone into default several months earlier.  Plaintiffs have received none of the proceeds of these SBA loans, which were paid to Defendants.

80.    The failure to repay the Contadormiami Loan and the Taxleaf Loan seriously impacts the finances, financial reputation, and creditworthiness of the Plaintiffs.  It also impacts the ability of the Plaintiffs to obtain their own business and/or personal loans, since Mr. Natarus is burdened with him (falsely) be tied to the significant Contadormiami Loan and Taxleaf Loan.

81.    Both the Contadormiami Loan and the Taxleaf Loan are for 30 years, and the loans do not mature until the year 2050.

82.    It is believed that Defendants will contend that they are not responsible for indemnifying and holding Plaintiffs harmless in connection the SBA loans.  It is further believed that Defendants will deny that the Agreement requires them to indemnify and hold Plaintiffs harmless, asserting that the actions of the Plaintiffs fall outside of the scope of the Agreement.

83.    As such, Plaintiffs and Defendants have an actual, present, adverse, and antagonistic interest in the subject matter.  This is especially true since the loans do not mature until the year 2050.

84.     The declaration sought deals with a present, ascertained, or ascertainable state of facts or present controversy as to a state of facts. An immunity, power, privilege or right of Plaintiffs depends on the facts or the law that applies to the facts.

85.     All persons with an adverse and antagonistic interest, Plaintiffs and Defendants, are before the Court and the declaration sought does not amount to mere legal advice or questions propounded from curiosity.

**WHEREFORE**, Plaintiffs respectfully request the Court to issue a declaratory judgment that Mr. Natarus did not apply for the Contadormiami Loan or the Taxleaf Loan with the SBA or any other loan for an entity associated with Mose Nae or Jacob Nae, that Moses Nae and Jacob Nae improperly used Mr. Natarus' personal information (and pretended to be Mr. Natarus) to obtain the SBA loans without Mr. Natarus' knowledge or approval, that Mr. Natarus bears no responsibility for or any obligation as to the Contadormiami Loan and Taxleaf Loan, that Moses Nae and Jacob Nae bear the full responsibility for and the obligations of the Contadormiami Loan and Taxleaf Loan, that Plaintiffs have been damaged and Defendants are required to indemnify and hold Plaintiffs harmless as to the SBA loans, and that Defendants are required to undertake all actions necessary to remove the Mr. Natarus (and his personal information) from the SBA loans, and awarding Plaintiffs their fees and costs, along with all such other relief as the Court deems just and proper.

**COUNT III – CIVIL RELIEF FOR IDENTIFY THEFT**
**(Against All Defendants, Except SBA)**

86.     Mr. Natarus re-alleges and re-asserts the allegations set forth in Paragraphs 1 through 55 above, as though fully set forth herein.

87.     This is an action for relief pursuant to Florida Statutes, Section 772.104.

88.     Florida Statutes, Section 772.104 provides a civil cause of action for any person who has been damaged by reason of any provisions of Florida Statutes, Section 772.103.

89.     Florida Statutes, Section 772.103 makes it unlawful for, among other things, any person with criminal intent, who has received any proceeds derived, directly or indirectly, from a pattern of criminal activity.

90.     Criminal activity, in turn, is defined in Florida Statutes, Section 772.102(1)(a)20, as "to commit, to conspire to conspire to commit" any crime that is chargeable by indictment or information under Florida Statutes, Chapter 817, relating to fraudulent practices, false pretenses, or fraud generally.

91.     Florida Statutes, Section 817.568, provides that any person who willfully and without authorization fraudulently uses personal identification concerning a person without first obtaining that person's consent commits a felony of the first degree.

92.     As set forth in detail in Paragraph 1 through 55 above, which are incorporated fully herein by reference, Moses Nae and Jacob Nae fraudulently, maliciously, willfully, and intentionally used Mr. Natarus' name, social security number, date of birth and other personal information to apply for and obtain the Contadormiami Loan and the Taxleaf Loan (and potentially other loans), without the knowledge of and approval of Mr. Natarus.

93.     Plaintiffs have been damaged by Defendants' actions.

**WHEREFORE**, Mr. Natarus demand judgment against Defendants, jointly and severally, for their damages, including statutory damages, attorneys' fees and costs, along with all such other relief which is just and appropriate.

18

## COUNT IV – FRAUD
### (Against All Defendants, Except SBA)

94.     Mr. Natarus re-alleges and re-asserts the allegations set forth in Paragraphs 1 through 55 above, as though fully set forth herein.

95.     This is an action for fraud.

96.     Mr. Natarus, Moses Nae and Jacob Nae worked together to form Contadormiami and Taxleaf in 2013. All three men were partners in the operation and ownership of the companies. As such they were in a confidential or fiduciary relationship towards each other.

97.     Over the years, by virtue of the operations of Contadormiami and Taxleaf, Moses Nae and Jacob Nae were able to learn the personal information related to Mr. Natarus, which included, but not limited to, Mr. Natarus' social security number, his date of birth and place of residence.

98.     Unbeknownst to Mr. Natarus, by early 2020, Moses Nae and Jacob Nae began to plot and conspire and put into motion a plan to force Mr. Natarus out of the management and ownership of Contadormiami and Taxleaf.

99.     In June 2020, Moses Nae and Jacob Nae utilized their combined majority ownership interest (as a unified block) to lock Mr. Natarus out of officer and ownership positions in Contadormiami and Taxleaf.

100.    The Defendants thereafter locked out Mr. Natarus from any participation or having any say in the operation of the businesses he helped form and in which he had an ownership interest.

101.    With their removal of Mr. Natarus, Moses Nae and Jacob Nae began to operate the companies as if they had exclusive ownership and control over the entity, and

19

as if Mr. Natarus had no ownership or shareholder rights.  Salary and/or distributions to Mr. Natarus ceased.

102.   Not satisfied with taking control of the companies and Mr. Natarus' interest in same, Moses Nae and Jacob Nae, abused and unconscionably took advantage of Mr. Natarus by contacting the SBA, shortly before and/or shortly after the "lockout" and used the personal information they had obtained during their working relationship with Mr. Natarus to apply for and obtain SBA loans.

103.   Without Mr. Natarus' knowledge, permission, or approval, Moses Nae and Jacob Nae went online and contacted the SBA using Mr. Natarus' name, Social Security Number, birthdate, address and other personal information.

104.   In doing so, they willfully, intentionally and maliciously and without authorization, fraudulently used their business partner's personal identification (and pretended to be Mr. Natarus) to obtain the Contadormiami Loan and the Taxleaf Loan – loans with the 30-year maturity in the year 2050.

105.   There may be other instance of fraudulent activity, including but not limited to obtaining other loans, which the Plaintiffs have yet to learn.

106.   Their acts of fraud took improper and unconscionable advantage of the fiduciary relationship and abused this relationship at the expense of Mr. Natarus.  The proceeds were used by Defendants for their own use, yet Mr. Natarus is tied to these loans, supposedly for the use of companies which he has no interest.

107.   To make matters worse, Moses Nae and Jacob Nae never disclosed (and knowingly and intentionally withheld) their use of Mr. Natarus' information or the loans – and in connection with the Agreement, which included mutual releases and required Mr.

Natarus to turnover his interest in Contadormiami and Taxleaf. It would not be until the two loans went into default, that Mr. Natarus learned what had occurred, when the SBA demanded payment of the loans by Mr. Natarus.

108.    Plaintiffs have been damaged by the Defendants' fraud and their taking advantage of Plaintiffs for their own personal financial advantage.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, for their damages, requiring all acts necessary for Defendants to remove any association of Mr. Natarus with the Contadormiami Loan and the Taxleaf Loan or obligation as to the loans, as well as an award of their attorneys' fees pursuant to the Agreement, costs, and such other relief which the Court deems just and proper.

### COUNT V – CONSPIRACY
**(Against Moses Nae and Jacob Nae)**

109.    Mr. Natarus re-alleges and re-asserts the allegations set forth in Paragraphs 1 through 55 above, as though fully set forth herein.

110.    This is an action for civil conspiracy to use Mr. Natarus' identify to obtain loans benefiting Moses Nae and Jacob Nae and their business interest.

111.    In June 2020, Moses Nae and Jacob Nae utilized their combined majority ownership interest (as a unified block) to lock Mr. Natarus out of officer and ownership positions in Contadormiami and Taxleaf. The Defendants thereafter locked out Mr. Natarus from any participation or having any say in the operation of the businesses he helped form and in which he had an ownership interest.

112.    With their removal of Mr. Natarus, Moses Nae and Jacob Nae began to operate the companies as if they had exclusive ownership and control over the entity, and

as if Mr. Natarus had no ownership or shareholder rights.  Salary and/or distributions to Mr. Natarus ceased.

113.   Not satisfied with taking control of the companies and Mr. Natarus' interest in same, Moses Nae and Jacob Nae, agreed to a scheme whereby they would secretly use Mr. Natarus' personal information to obtain SBA loans for their personal use and their companies.

114.   Moses Nae and Jacob Nae conspired and agreed by and among themselves to facilitate and assist in obtaining SBA loans using Mr. Natarus' personal information (without his knowledge or approval), which resulted in their obtaining the Contadormiami Loan and the Taxleaf Loan, and upon information and belief other, similar fraudulent transactions.

115.   In furtherance of same, Moses Nae and Jacob Nae contacted the SBA and used the personal information of Mr. Natarus that they both obtained, mispresenting that it was Mr. Natarus seeking the loans from the SBA – all without Mr. Natarus' knowledge or approval.

116.   Plaintiffs have been damaged by the conspiracy of Moses Nae and Jacob Nae.

**WHERFORE**, Mr. Natarus demands judgment against Defendants Moses Nae and Jacob Nae, jointly and severally, for their damages, requiring all acts necessary for Defendants to remove any association of Plaintiffs with the Contadormiami Loan and the Taxleaf Loan, as well as an award of their attorneys' fees pursuant to the Agreement, costs, and such other relief which the Court deems just and proper.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants, Except SBA)

117.   Plaintiffs re-allege and re-assert their allegations set forth in Paragraphs 1 through 55 above, as though fully set forth herein.

118.   This is an action for intentional infliction of emotional distress.

119.   Over the years, by virtue of the operations of Contadormiami and Taxleaf, Moses Nae and Jacob Nae were able to learn the personal information related to their partner, Mr. Natarus, which included, but not limited to, Mr. Natarus' social security number, his date of birth and place of residence.

120.   Unbeknownst to Mr. Natarus, by early 2020, Moses Nae and Jacob Nae began to plot and conspire and put into motion a plan to force Mr. Natarus out of the management and ownership of Contadormiami and Taxleaf.

121.   In June 2020, Moses Nae and Jacob Nae utilized their combined majority ownership interest (as a unified block) to lock Mr. Natarus out of officer and ownership positions in Contadormiami and Taxleaf.   The Defendants thereafter locked out Mr. Natarus from any participation or having any say in the operation of the businesses he helped form and in which he had an ownership interest.

122.   With their removal of Mr. Natarus, Moses Nae and Jacob Nae began to operate the companies as if they had exclusive ownership and control over the entity, and as if Mr. Natarus had no ownership or shareholder rights.   Salary and/or distributions to Mr. Natarus ceased.

123.   Not satisfied with taking control of the companies and Mr. Natarus' interest in same, Moses Nae and Jacob Nae, abused and unconscionably took advantage of Mr. Natarus by contacting the SBA, shortly before and/or shortly after the "lockout" and used

23

the personal information they had obtained during their working relationship with Mr. Natarus to obtain SBA loans.

124.   Without Mr. Natarus' knowledge, permission, or approval, Moses Nae and Jacob Nae went online and contacted the SBA using Mr. Natarus' name, Social Security Number, birthdate, address, and other personal information. In doing so, they willfully, intentionally, and maliciously and without authorization, fraudulently used their business partner's personal identification to obtain the Contadormiami Loan and the Taxleaf Loan – loans with the 30-year maturity in the year 2050.

125.   Moses Nae and Jacob Nae never informed (and fraudulently and intentionally refused to tell) the Plaintiffs of the existence of the Taxleaf Loan in connection with the parties' negotiation and execution of the Agreement. And while the Agreement resulted in Mr. Natarus turning over his ownership interest in Taxleaf to Moses Nae and Jacob Nae, these Defendants knew the existence of the Taxleaf Loan, which was tied to Mr. Natarus by their fraudulent actions in their obtaining the Taxleaf Loan.

126.   Mr. Natarus and US Contador have received none of the funds which are represented by the Contadormiami Loan and the Taxleaf Loan. Plaintiffs did not take out or apply for either loan and only first learned about them when contacted by the SBA when they had been in default for some time. Rather, the proceeds were used to line the pockets of Moses Nae and Jacob Nae, for their personal purposes, as opposed to business purposes.

127.   Moses Nae and Jacob Nae's conduct was intentional or reckless, that is, they intended their behavior when they knew or should have known that emotional distress would likely result.

128. Moses Nae and Jacob Nae's conduct was outrageous, that is, beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community.

129. The conduct has caused and continues to cause Mr. Natarus severe emotional distress.

130. Mr Natarus has suffered damages because of the conspiracy between and improper actions of Moses Nae and Jacob Nae.

**WHEREFORE**, Mr. Natarus demands judgment against all Defendants (except SBA), jointly and severally, for their damages, requiring all acts necessary for Defendants to remove any association of Mr. Natarus with the Contadormiami Loan and the Taxleaf Loan, as well as an award of their attorneys' fees pursuant to the Agreement, costs, and such other relief which the Court deems just and proper.

**COUNT VII – RESCISSION (All Defendants)**

131. Mr. Natarus re-alleges and re-asserts the allegations set forth in Paragraphs 1 through 55 above, as though fully set forth herein.

132. This is an action for recission of the SBA's Contadormiami Loan and the Taxleaf Loan to remove Mr. Natarus from any association with and/or any potential liability for the loans and/or their non-payment by those actually applying for and obtaining the loans. This would include, among other things, the removal of Mr. Natarus, including any of personal information, from the any loan by and between the Defendants and the SBA.

133. Created in 1953, the SBA helps small business owners and entrepreneurs pursue the American dream. It is the only cabinet-level federal agency fully dedicated

25

to small business and provides counseling, capital, and contracting expertise as the nation's only go-to resource and voice for small businesses.

134.   At the end of April 2023, Mr. Natarus was contacted by representatives of the SBA, who indicated that loans which he had taken out on behalf of Contadormiami and Taxleaf were in default.  This is the first time Mr. Natarus was aware of his being associated with any such loans, which loans he played no role in seeking or obtaining.

135.   Mr. Natarus never applied for or sought a loan with the SBA.  Mr. Natarus had no knowledge of and did not consent to his personal information being used to obtain such Loan.  At the time the two loans were supposedly applied for, Mr. Natarus had been locked out of Contadormiami and Taxleaf (or would be very soon) and even today he has no interest in the companies.

136.   Rather, in an act of spite and to harm the Plaintiffs, Moses Nae and Jacob Nae fraudulently and intentionally used Mr. Natarus' name, Social Security number and other personal information to obtain a 30-year SBA loan, Loan Number 98333707804, for Contadormiami, i.e., the "Contadormiami Loan."  The Contadormiami Loan is in the amount was in the amount of $127,000.00 and its current payoff is approximately $140,611.15.

137.   Moses Nae and Jacob Nae also fraudulently and intentionally used Mr. Natarus' name Social Security number and other personal information was also used to obtain another 30-year SBA loan, Loan Number 1409558100, for Taxleaf, i.e., the "Taxleaf Loan."  The Taxleaf Loan is in the amount was in the amount of $99,600.00 and its current payoff is approximately $109,843.11.

138.   Because the two loans were obtained using Mr. Naturus' personal information, without his knowledge or approval, his personal information was used to fraudulently obtain the loans in the name of Contadormiami and Taxleaf and/or were obtained by using false representations.

139.   The fraud or false representations, that is, the using Mr. Natarus' personal information is material, as Mr. Natarus never applied for any loans with the SBA and did not learn about the existence of the loans, or that he supposedly applied for same, until the two loans went into default.

140.   The SBA undertook no effort to verify that it was actually Mr. Natarus who was applying for loans, let alone that Mr. Natarus knew of and consented to his information being used to obtain the loans. In comparison, the SBA knew how to get in touch with Mr. Natarus when the loans went into default.

141.   Mr. Natarus and US Contador have received no benefit from the Contadormiami Loan and the Taxleaf Loan or any other loan with the SBA, yet they are tied to the 30-year loans, which, among other things, have a negative bearing on their credit and/or the ability to obtain future credit or loans.

142.   The circumstances are such that the SBA should rescind and/or otherwise take appropriate action to remove the personal information as to Mr. Natarus (and, if applicable, US Contador) from the Contadormiami Loan and the Taxleaf Loan, as well as any loan with the SBA. And the Plaintiffs should have no responsibility in any way as to the Contadormiami Loan and the Taxleaf Loan and the obligations thereunder.

143.   The inclusion of Mr. Natarus in relation to the SBA loans, is not a breach of a legal duty on the part of Mr. Natarus, but the fraud of Moses Nae and Jacob Nae. In no

way did Mr. Natarus agree to be subject to the loans, but now finds himself tied to loans that do not mature until 2050, but for the fraud and intentional behavior of others.

144.   The mistake of or the inclusion of Mr. Natarus of the Contadormiami Loan and the Taxleaf Loan is material.  Mr. Natarus had no intent in applying for the loans and subjecting himself to the legal implications of applying for and obtaining loans for Contadormiami and Taxleaf.

145.   The circumstances are such that granting recission or cancellation is appropriate as to Mr. Natarus, as he did not by commission or omission contribute to the mistake or inclusion of himself as to the Contadormiami Loan and the Taxleaf Loan.

146.   The SBA has been provided with written notice on more than one occasion of the fraudulent circumstances leading to his being tied to the Contadormiami Loan and the Taxleaf Loans and the need to rescind same, and the SBA has failed to respond to the written notice.

147.   Thus, Mr. Natarus demands that the Contadormiami Loan and the Taxleaf Loan be rescinded and at a minimum rescinded for that he is no longer tied to the loans, bearing no responsibility for same.

**WHEREFORE**, Mr. Natarus respectfully requests the Court to enter judgment as to the two SBA loans, rescinding same, or at a minimum rescinding the loans to remove Mr. Natarus as having any responsibility for the loans, and substituting the actual parties who applied for the loans, and awarding Mr. Natarus' costs in connection with this action, and such other relief which the Court deems just and proper.

## COUNT VIII – REFORMATION (All Defendants)

148.   Mr. Natarus re-alleges and re-asserts the allegations set forth in Paragraphs 1 through 55 above, as though fully set forth herein.

149.   This is an action for reformation of the defective Contadormiami Loan and the Taxleaf Loan to remove Mr. Natarus, as well as him personal information, from the any loan by and between the Defendants and the SBA.

150.   Created in 1953, the SBA helps small business owners and entrepreneurs pursue the American dream.  It is the only cabinet-level federal agency fully dedicated to small business and provides counseling, capital, and contracting expertise as the nation's only go-to resource and voice for small businesses.

151.   At the end of April 2023, Mr. Natarus was contacted by representatives of the SBA, who indicated that loans which he had taken out on behalf of Contadormiami and Taxleaf were in default.  This is the first time Mr. Natarus was aware of his being associated with any such loans, which loans he played no role in seeking or obtaining.

152.   Mr. Natarus never applied for or sought a loan with the SBA.  At the time the two loans were supposedly applied for, Mr. Natarus had been locked out of Contadormiami and Taxleaf (or would be very soon) and even today he has no interest in the companies.

153.   Rather, in a further act of spite and desire to harm the Plaintiffs, Moses Nae and Jacob Nae fraudulently and intentionally used Mr. Natarus' name, Social Security Number and other personal information to obtain a 30-year SBA loan, Loan Number 98333707804, for Contadormiami, *i.e.,* the "Contadormiami Loan."  The Contadormiami

Loan is in the amount was in the amount of $127,000 and its current payoff is approximately $140,611.15.

154.   Moses Nae and Jacob Nae fraudulently and intentionally used Mr. Natarus' name Social Security number and other personal information was also used to obtain another 30-year SBA loan, Loan Number 1409558100, for Taxleaf, *i.e.,* the "Taxleaf Loan." The Taxleaf Loan is in the amount was in the amount of $99,600 and its current payoff is approximately $109,843.11.

155.   Because the two loans were obtained using Mr. Naturus' personal information, without his knowledge or approval, they were obtained by the Defendants using false representations.

156.   At the time of the applications were submitted to the SBA, the SBA was not aware that Mr. Natarus was not applying for SBA loans.   Nor was the SBA aware that it was actually Moses Nae and Jacob Nae applying for loans for their two companies, fraudulently leading the SBA to believe that it was Mr. Natarus applying for the loans.

157.   The fraud or false representations, that is, the using Mr. Natarus' personal information is material, as Mr. Natarus never applied for any loans with the SBA.   It was never his intent to apply for any loans with the SBA.

158.   The SBA undertook no effort to verify that it was actually Mr. Natarus who was applying for loans, let alone that Mr. Natarus knew of and consented to his information being used to obtain the loans.   In comparison, the SBA knew how to get in touch with Mr. Natarus when the loans went into default.

159.   As a result of the mutual mistake (or fraud perpetuated) by the Defendants on the SBA and Mr. Natarus, the Contadormiami Loan and the Taxleaf Loan do not reflect the true terms of those two loans.

160.   Further, the SBA loans do not reflect the true intent of the parties reached as there was no meeting of the minds of the SBA and Mr. Natarus as to the entry of Mr. Natarus as to the SBA loans, including his agreement to be responsible in any way for the 30-year SBA loans.

161.   The SBA never reached an agreement with Mr. Natarus as to the two SBA loans, but in reality, it was Moses Nae and Jacob Nae who had the agreement with the SBA for the loans.

162.   The SBA has been provided with written notice on more than one occasion of the fraudulent circumstances leading to his being tied to the Contadormiami Loan and the Taxleaf Loans and the need to reform same, and the SBA has failed to respond to the written notice.

163.   Mr. Natarus (and US Contador) have been damaged by their inclusion and/or responsibility for the SBA loans and will suffer prejudice and/or pecuniary loss unless the SBA loans are reformed.

164.   The Contadormiami Loan and the Taxleaf Loan must be reformed to remove Mr. Natarus and his personal information from the loans, with the names of Moses Nae and Jacob Nae, as well as their personal information in the place of Mr. Natarus.

WHEREFORE, Mr. Natarus respectfully requests the Court to reform the Contadormiami Loan and the Taxleaf Loan to accurately reflect the true intent and nature of the loans, removing Mr. Natarus and his personal information from the SBA loans,

removing Mr. Natarus from any responsibility in connection with the SBA loans, replacing Moses Nae and Jacob Nae in the place of Mr. Natarus, and awarding Plaintiffs' costs in connection with this action, and such other relief which the Court deems just and proper.

### COUNT IX – DECLARATORY JUDGMENT (SBA)

165.    Mr. Natarus re-alleges and re-asserts the allegations set forth in Paragraphs 1 through 55 above, as though fully set forth herein.

166.    This is an action for declaratory judgment.

167.    There exists a bona fide, actual, present, and practical need for the declaration of the rights of Mr. Natarus and the SBA as to the Contadormiami Loan and the Taxleaf Loan.

168.    At the end of April 2023, Mr. Natarus was contacted by representatives of the SBA, who indicated that loans which he had applied for and taken out on behalf of Contadormiami and Taxleaf were in default.  This is the first time Mr. Natarus was aware of his being associated with any such loans, which loans he played no role in seeking or obtaining.

169.    Mr. Natarus and US Contador have never applied for or sought a loan with the SBA.  At the time the two loans were supposedly applied for, Mr. Natarus had been locked out of Contadormiami and Taxleaf (or would be very soon) and even today he has no interest in the companies.

170.    Rather, in a further act of spite and to harm the Plaintiffs, Moses Nae and Jacob Nae fraudulently and intentionally used Mr. Natarus' name, Social Security number and other personal information to obtain a 30-year SBA loan, Loan Number 98333707804, for Contadormiami, *i.e.,* the "Contadormiami Loan."  The Contadormiami

32

Loan is in the amount was in the amount of $127,000 and its current payoff is approximately $140,611.15.

171.    Moses Nae and Jacob Nae fraudulently and intentionally used Mr. Natarus' name, Social Security number and other personal information was also used to obtain another 30-year SBA loan, Loan Number 1409558100, for Taxleaf, *i.e.,* the "Taxleaf Loan." The Taxleaf Loan is in the amount was in the amount of $99,600 and its current payoff is approximately $109,843.11.

172.    Because the two loans were obtained using Mr. Naturus' personal information, without his knowledge or approval, his personal information was used to fraudulently obtain the loans in the name of Contadormiami and Taxleaf and/or were obtained by using false representations.

173.    The fraud or false representations, that is, the using Mr. Natarus' personal information is material, as Mr. Natarus never applied for any loans with the SBA.

174.    At the time of the applications were submitted to the SBA, the SBA was not aware that Mr. Natarus was not applying for SBA loans. Nor was the SBA aware that it was actually Moses Nae and Jacob Nae applying for loans for their two companies, fraudulently leading the SBA to believe that it was Mr. Natarus applying for the loans.

175.    It is believed that the SBA will contend that Mr. Natarus applied for the loans, using his personal information in connection with same. It is further believed that SBA will assert that Mr. Natarus has a responsibility for the loans in the event they again go into default before maturity in 2050, just as they did when they contacted Mr. Natarus in April 2023.

33

176.   Mr. Natarus maintains that he has no responsibility for the loans as he never applied for same and never agreed to have any responsibility for the loans in any manner, including if Moses Nae, Jacob Nae, Contadormiami and Taxleaf decide to allow the loans to go into default between now and the year 2050.

177.   The SBA has been provided with written notice on more than one occasion of the fraudulent circumstances leading to his being tied to the Contadormiami Loan and the Taxleaf Loans and the need to rescind same, and the SBA has failed to respond to the written notice.

178.   As such, Plaintiffs and the SBA have an actual, present, adverse, and antagonistic interest in the subject matter.

179.   The declaration sought deals with a present, ascertained, or ascertainable state of facts or present controversy as to a state of facts.  An immunity, power, privilege or right of Plaintiffs depends on the facts or the law that applies to the facts.

180.   All persons with an adverse and antagonistic interest are before the Court and the declaration sought does not amount to mere legal advice or questions propounded from curiosity.

**WHEREFORE**, Mr. Natarus respectfully request the Court to issue a declaratory judgment that Mr. Natarus did not apply for the Contadormiami Loan or the Taxleaf Loan with the SBA or any other loan for an entity associated with Moses Nae or Jacob Nae, that Moses Nae and Jacob Nae improperly used Mr. Natarus' personal information (and pretended to be Mr. Natarus) to obtain the SBA loans without Mr. Natarus' knowledge or approval, that Mr. Natarus bears no responsibility for or any obligation as to the SBA in connection with Contadormiami Loan and Taxleaf Loan, that Plaintiffs have been

damaged and that Mr. Natarus must be removed from the SBA loans, with no further responsibility or obligation as to same, that the SBA must, in his place, put Moses Nae and Jacob Nae and their personal information and have Moses Nae and Jacob Nae bear the full responsibility and obligations of the Contadormiami Loan and the Taxleaf Loan, along with all such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by court eservice on John Strohsahl, 1144 SE 3rd Avenue, Fort Lauderdale, FL 33316 (john@beillylaw.com) this 24th day of May 2024.

Respectfully submitted,

**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300

/s/ David L. Ferguson
By: _____
DAVID L. FERGUSON
Florida Bar No. 918737
ferguson@kolawyers.com

and

**MICHAEL J. COMPAGNO, P.A.**
/s/: Michael J. Compagno, Esq.
**MICHAEL COMPAGNO, ESQ.**
Florida Bar NO. 886084
600 Northlake Boulevard
North Palm Beach, FL 33408
Telephone: (561) 602-9009
E-Service: mcompagno@gmail.com

Counsel for Plaintiffs

35