UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-61174-MD

US CONTADOR, INC. and MICHAEL
NATARUS,

        Plaintiffs,

v.

CONTADORMIAMI.COM, INC.; TAXLEAF.COM
INC.; JACOB NAE; MOSES NAE; and UNITED
STATES SMALL BUSINESS ADMINISTRATION,

        Defendants.

_____/

## UNITED STATES' MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW

Defendant, United States Small Business Administration ("SBA"), through the undersigned Assistant United States Attorney for the Southern District of Florida, hereby moves to dismiss the Plaintiffs' Amended Complaint (ECF No. 1-1) as to the SBA pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. This Court lacks subject matter jurisdiction to grant the relief requested by the Plaintiffs in their Amended Complaint as to the SBA. In support of its Motion, the Government states as follows:

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**A. Introduction**

Plaintiffs US Contador, Inc. and Michael Natarus ("Natarus") filed their Amended Complaint on May 24, 2024, in the Circuit Court of the 17th Judicial Circuit in and for Broward

County Florida. Am. Compl. at 9, ECF No. 1-1.  Plaintiff Natarus claims that he was the victim of identity theft regarding two SBA loans advanced by the SBA in June of 2020. Am. Compl. at 7-9, ECF No. 1-1. Specifically, Natarus claims that Defendants Jacob Nae and Moses Nae, his ex-business partners, used Natarus' personal information to fraudulently obtain loans in the name of Natarus, and that Jacob Nae and Moses Nae received all the proceeds from those loans. *Id*. The Amended Complaint contains nine counts, and Counts Seven (Rescission), Eight (Reformation), and Nine (Declaratory Judgment) name the SBA as a Defendant. Am. Compl. at 25-35, ECF No. 1-1.

In Counts Seven, Eight, and Nine, Plaintiffs seek the entry of a judgment against the SBA finding that Natarus was the victim of identity theft regarding the loans, and that he bears no responsibility for repayment. *Id*. Plaintiffs further seek an order requiring the SBA to substitute Defendants Moses Nae and Jacob Nae for Natarus as the obligated individuals and restraining the SBA from attempting to collect from Mr. Natarus. *Id*.

On July 3, 2024, the Defendant SBA timely removed the Plaintiffs' action to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1442(a)(1). ECF No. 1.  As the Plaintiffs have failed to establish a waiver of sovereign immunity applicable to their claims, this Court lacks subject matter jurisdiction to hear the claims as asserted against the Government.

### B. Motion to Dismiss Standard – Fed. R. Civ. P. 12(b)(1)

Regarding attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), a facial challenge to subject matter jurisdiction "provides Plaintiff with similar safeguards to those of a Rule 12(b)(6) Motion." *See Fernandez v. United States*, No. 17-CV-21422, 2017 WL 6343575, at *1 (S.D. Fla. Dec. 12, 2017), *aff'd*, 766 F. App'x 787 (11th Cir. 2019).  A facial attack on a

complaint requires that the court merely look to see if a plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations of a plaintiff's complaint are taken as true. *See McElmurray v. Consul Gov't of Augusta-Richmond City.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citations omitted). Fed. R. Civ. P. 12(h)(3) states that a case in federal court "must" be dismissed if the court determines that it lacks subject matter jurisdiction.

### C. This Court Lacks Jurisdiction Over the Subject Matter of Plaintiff's Claims

#### a. Sovereign Immunity

It is well established that the sovereign cannot be sued without its consent. Other than those instances in which the United States has explicitly consented to be sued, the United States and its agencies are immune from suit. *Minnesota v. U.S.*, 305 U.S. 382 (1939); *U. S. v. Shaw*, 309 U.S. 495 (1940); *U. S. v. Sherwood*, 312 U.S. 584 (1941). The United States' consent to suit may not be inferred.

Therefore, in order to maintain such a suit, any claim must be squarely within the terms of a statute authorizing the type of suit sought to be prosecuted. In other words, "[w]aivers of the Government's sovereign immunity, to be effective, must be 'unequivocally expressed.'" *U. S. v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990)). A waiver of sovereign immunity is to be narrowly construed in favor of the federal government, and any ambiguities resolved in the federal government's favor. *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (citations omitted); *Rutten v. U.S.*, 299 F.3d 993, 995 (8th Cir. 2002) (citing *Nordic Village*, 503 U.S. at 34 (1992)). If Congress has not clearly conferred jurisdiction upon the court, an action against the United States cannot be maintained. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Koehler v. U. S.*, 153 F.3d 266, 265 (5th Cir. 1998). Plaintiff, as the party seeking the exercise of jurisdiction in its favor, has the burden to prove that

the Court has subject-matter jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Ramming v. U. S.,* 281 F.3d 158, 161 (5th Cir. 2001).

   **ii.**   **The SBA enjoys sovereign immunity as to injunctive relief.**

The Plaintiffs' Amended Complaint does not allege any waiver of sovereign immunity which would permit suit against the SBA. *See generally* Am. Compl., ECF No. 1-1. While not cited by the Plaintiff, Section 5(b)(1) of the Small Business Act, 15 U.S.C. § 634 (b)(1) provides a limited waiver of sovereign immunity, stating that the Administrator of the SBA:

> [may] sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; **but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property**;

15 U.S.C. § 634(b)(1) (emphasis added). Courts interpreting this "sue and be sued" clause "have uniformly considered that this statute effectively precludes injunctive relief against the Administrator." *Mar v. Kleppe*, 520 F.2d 867, 869 (10th Cir. 1975) (collecting cases). Any injunctive relief Plaintiffs seek is therefore foreclosed by the plain language of § 634(b)(1). To the extent that a plaintiff frames his claim as one for declaratory relief but really seeks the equivalent of injunctive relief, § 634(b)(1) will not confer jurisdiction upon the court, and the claim must be dismissed. *See Palmer v. Weaver*, 512 F.Supp. 281, 285 (E.D. Pa. 1981) (collecting cases).

The three counts of Plaintiffs' Amended Complaint directed at the SBA seek injunctive relief, and should be dismissed. Count Seven (Recission) asks the court to enter an order directing SBA to rescind the loans, remove Natarus as having responsibility, and to substitute Defendants Moses Nae and Jacob Nae as parties to the loan agreement. Am. Compl. at 28, ECF No. 1-1. Count Eight (Reformation) seeks the same relief, that Natarus be removed and replaced

on the two relevant loans by Moses Nae and Jacob Nae. Finally, Count Nine (Declaratory Judgment) seeks an order finding that Natarus is not responsible for repayment, and again that Moses Nae and Jacob Nae be substituted as the liable parties. In all counts directed at the SBA, Plaintiffs seek an order which requires the SBA to take specific action: to reform or rescind its loan agreement, and take no action enforce the agreement against Natarus, which is all injunctive relief prohibited by § 634(b)(1).

Courts have interpreted the Small Business Act's anti-injunction language in similar circumstances, finding comparable suits as beyond scope of § 634(b)(1). In *Mar v. Kleppe*, Plaintiffs prayed that an order be issued directing the SBA to execute a release freeing them from liability for their personal guarantees of a lease agreement. 520 F.2d 867, 869 (10th Cir. 1975). The Court held that an order releasing persons from liability to SBA must be construed as seeking to enjoin the SBA from enforcing guarantees, and thus not encompassed by the waiver in § 634. *Id*.

In *Tommolillo v. Columbia Bank*, Plaintiffs filed a count for declaratory judgment against the SBA, seeking a declaratory judgment that Plaintiffs' obligations with respect to an SBA loan be discharged. 23-3140 (ES) (JRA), 2024 WL 1328186, *9 (D.N.J. March 28, 2024). The court found that while the request was framed as a request for declaratory relief, it "clearly seeks the equivalent of injunctive relief, as it in effect seeks to compel the SBA to discharge Plaintiffs' contractual obligations." *Id*. (cleaned up) (citing *Stone Entertainment, Inc. v. Geftman*, CIV.A. 98-6123, 1998 WL 855499, *2 (E.D. Pa. Dec. 9, 1998) ("A declaration that plaintiffs are no longer legally obligated to make payments to the SBA under the mortgages or guarantees would effectively preclude the agency from enforcing these obligations and would thus be the equivalent of injunctive relief.")).

The essence of the cases cited above and the claims of the Plaintiffs in the instant case are identical: the Plaintiffs are seeking an order which prohibits the SBA from collecting the loan from Natarus. As SBA cannot be enjoined in this manner by the Court, Plaintiffs' claims should be dismissed with prejudice.

### iii. Court's have interpreted identical anti-injunction language in the Higher Education Act as prohibiting suits to bar agency action to collect debt.

It is an "elementary principle of statutory construction that similar language in similar statutes should be interpreted similarly." *Citizens for Constitution Integrity v. United States*, 70 F.4th 1289, 1308 (10th Cir. 2023) (citations omitted). "[W]hen Congress uses the same language in two statutes having similar purposes, particularly when one is enacted shortly after the other, it is appropriate to presume that Congress intended that text to have the same meaning in both statutes." *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 234 (2005).

Courts interpreting anti-injunction language in the Higher Education Act ("HEA") that is identical to that in the Small Business Act have also reached the conclusion that suits seeking an order prohibiting collection activity are not permitted. Similar to the Small Business Act, the HEA provides a limited waiver of sovereign immunity, which allows the Secretary of Education:

> … to sue and be sued in any court of record of a State having general jurisdiction or in any district court of the United States, and such district courts shall have jurisdiction of civil actions arising under this part [20 USCS §§ 1071 et seq.] without regard to the amount in controversy, and any action instituted under this subsection by or against the Secretary shall survive notwithstanding any change in the person occupying the office of Secretary or any vacancy in that office; ***but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary or property under the Secretary's control*** ….

20 U.S.C. § 1082(a)(2) (emphasis added). The HEA waiver is read by courts to flatly prohibit the issuance of any injunction against the Secretary in relation to his powers and duties under the HEA. *Calise Beauty Sch., Inc. v. Riley*, 941 F. Supp. 425, 428 (S.D.N.Y. 1996). As is apparent

by the use of identical language, the anti-injunction language in the HEA serves the same purpose as that contained in the Small Business Act, as a limit to the waiver of sovereign immunity to prevent any interference with the administrative process. *See Mar v. Kleppe*, 520 F.2d 867, 869 (10th Cir. 1975) ("The likelihood is that the [Small Business Act] excepts the injunction because of the threat of impeding or interfering with the administrative process.").

Like the anti-injunction language under the Small Business Act, Courts have interpreted the HEA's anti-injunction language to preclude declaratory relief where "such declaratory relief would produce the same effect as an injunction." *Am. Ass'n of Cosmetology Schools v. Riley*, 170 F.3d 1250, 1254 (9th Cir. 1999). In *American Association of Cosmetology Schools*, the plaintiff requested a declaratory judgment that certain adverse decisions the Department had issued were null and void. *Id*. at 1253. The effect of such a declaration would have been to reinstate a number of educational institutions in the Federal Family Education Loan program "despite an administrative determination having been made that they were ineligible." *Id*. at 1254. Concluding that this relief was prohibited by § 1082(a)(2), the court noted that "the anti-injunction bar cannot be skirted by the simple expedient of labeling an action that really seeks injunctive relief as an action for 'declaratory relief.'" *Id*.

Courts have found that "[a]n action that seeks to prohibit the government from collecting a [student loan] debt seeks injunctive relief" for which the HEA does not waive sovereign immunity. *Green v. United States*, 163 F. Supp. 2d 593, 597 (W.D.N.C. 2000). In *Carr v. Devos*, 369 F. Supp. 3d 554, 560–61 (S.D.N.Y. 2019), the district court dismissed the plaintiffs' complaint seeking a declaratory judgment that their student loans were unenforceable. The court concluded that the plaintiffs were "asking the Court to issue an order that would have the practical effect of forcing the Secretary to take certain actions" and that the HEA's "limited waiver of

sovereign immunity does not allow declaratory relief that functions as injunctive relief by another name." *Id*.

The anti-injunction statute under the Small Business Act and the HEA are identical and should be interpreted consistently. Here, Plaintiffs' request for relief is injunctive in nature and falls within the Small Business Act's anti-injunction provision. Plaintiffs seek relief that would bar all future collection of the SBA loans—relief that is injunctive. Accordingly, the Small Business Act does not waive the SBA's sovereign immunity with respect to the relief he seeks.

### D. Conclusion

As the Plaintiffs have failed to establish an unequivocal waiver of sovereign immunity which permits their suit to proceed against the SBA, the Amended Complaint should be dismissed as to the SBA with prejudice. As the SBA is the sole federal defendant, and no additional basis for federal jurisdiction exists, following dismissal the case should be remanded to the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida.

Dated: July 8th, 2024

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: /s/ Brett Geiger
Brett R. Geiger
Assistant U.S. Attorney
Court No. A5502622
99 N. E. 4th Street, Suite 300
Miami, Florida 33132-2111
Tel No. (305) 961-9190
E-mail: Brett.Geiger@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of July, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, U.S. mail or e-mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    */s/ Brett Geiger*
Brett R. Geiger
Assistant U.S. Attorney

## SERVICE LIST

By mail:

Michael Natarus & US Contador, Inc.
c/o Atty. Michael Joseph Compagno
600 Northlake Blvd.
North Palm Bch, FL 33408-5309

Michael Natarus & US Contador, Inc.
c/o Atty. David L. Ferguson
One W. Las Olas Blvd. - STE 500
Fort Lauderdale, FL 33301

Jacob Nae; Moses Nae; Contadormiami.com, Inc.; Taxleaf.com, Inc.
c/o Atty. John Strohsahl
1144 S.E. 3rd Ave.
Fort Lauderdale, FL 33316